UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

---------------------------------------------------x

MALCOLM JOHNSON,           :

an individual,               :     CIVIL ACTION

                          :

           Plaintiff,     :     CASE NO.:

                          :

vs.                      :     Judge:

                          :

                          :     Magistrate:

                          :

GAMACHE REAL ESTATE HOLDINGS,  :

LLC,                  :

                          :

           Defendant.    :

---------------------------------------------------x

## COMPLAINT

      Plaintiff, MALCOLM JOHNSON, by and through his undersigned counsel, hereby files this Complaint against GAMACHE REAL ESTATE HOLDINGS, LLC (hereinafter referred to as "DEFENDANT"), and demands declaratory and injunctive relief and attorneys' fees, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.*, and alleges:

## JURISDICTION AND PARTIES

1.     This is an action for declaratory and injunctive relief pursuant to Title III of the Americans With Disabilities Act, 42 U.S.C. § 12181 *et seq.* (hereinafter referred to as the "ADA"). This Court is vested with original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

2.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

3.     Plaintiff, MALCOLM JOHNSON, (hereinafter referred to as "MR. JOHNSON"), is a resident of St. Louis County, Missouri. MR. JOHNSON resides 2.3 miles away from the facility which is the subject of this action.

4.     MR. JOHNSON is a qualified individual with a disability under the ADA. MR. JOHNSON

suffers from chronic obstructive pulmonary disease (COPD) which makes walking distances more than a few feet difficult or impossible for MR. JOHNSON without a mobility device. When MR. JOHNSON has to walk more than a few feet, he suffers difficulty breathing.

5.    MR. JOHNSON also suffers from arthritis in both knees and Osteoarthritis in his left knee, which makes walking more than a few feet extremely painful for MR. JOHNSON.

6.    Due to his disability, MR. JOHNSON is substantially impaired in several major life activities and requires an electric scooter, a wheelchair, or a walker for mobility.

7.    Upon information and belief, DEFENDANT is a limited liability company organized in the State of Missouri and doing business in St. Louis County.

8.    Upon information and belief, DEFENDANT can be contacted at its registered agent located at:

    c/o A Fuller Glaser Jr.
    222 Litchford Court
    St. Louis, MO 63141

9.    Upon information and belief, DEFENDANT is the operator of the real properties and improvements that are the subject of this action, to wit: Lee's Famous Recipe Chicken at 7232 Natural Bridge Rd, St. Louis, MO 63121. (hereinafter referred to as "the Property").

10.    The Property is a restaurant.

11.    DEFENDANT is obligated to comply with the ADA.

## COUNT I - VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT

12.    MR. JOHNSON realleges and reavers Paragraphs 1 - 11 as if they were expressly restated herein.

13.     The Property is a place of public accommodation, subject to the ADA, generally located at: 7232 Natural Bridge Rd, St. Louis, MO 63121.

14.     Upon information and belief, MR. JOHNSON last visited the Property during the month of April of 2018. MR. JOHNSON desires to visit the Property again in the near future, but is presently deterred from entering the property again due to the non-compliant barriers. MR. JOHNSON lives approximately 2.3 miles away from the Property.

15.     Upon information and belief, MR. JOHNSON desires to visit the Property multiple times in the future to purchase meals and to purchase Defendant's famous chicken.

16.     Upon information and belief, MR. JOHNSON has visited the Property numerous times in the past prior to April of 2017.

17.     The discrimination alleged herein is ongoing.

18.     At various times, MR. JOHNSON has personally observed or encountered the barriers described in Paragraph 28(A)-(F).

19.     During his last visit to the facility, MR. JOHNSON attempted to navigate himself into the facility using his mobility device. Due to the inaccessibility of the entrance, MR. JOHNSON was unable to get his mobility scooter through the second door of the entrance.

20.     Because he was unable to get his mobility scooter through the second door of the inaccessible entrance, MR. JOHNSON forced to return to his vehicle and leave his mobility scooter in the vehicle. MR. JOHNSON then had to ambulate into the facility using his cane.

21.     While ambulating with his cane, MR. JOHNSON almost feel due to his unsteady walk and slickness of the floor. Had MR. JOHNSON been able to bring his mobility scooter into the Property, he would have been able to independently ambulate throughout the Property without risk.

22.     Due to the accessibility barriers discussed below, MR. JOHNSON knows that he will have difficulty patronizing the restaurant at issue.

23.     During his last visit to the Property, MR. JOHNSON has experienced serious difficulty accessing the goods and utilizing the accommodations offered at the Property due to the architectural barriers as discussed in Paragraph 28.

24.     MR. JOHNSON continues to desire to visit the Property and patronize the restaurant, but fears that he will continue to experience serious difficulty due to the barriers discussed in Paragraph 28.

25.     The barriers discussed below in Paragraph 28 are excluding MR. JOHNSON from the programs and activities offered at the Property.

26.     MR. JOHNSON plans to and will visit the Property in the future as a patron and also as an ADA tester to determine if the barriers to access alleged herein have been modified.

27.     MR. JOHNSON presently fears that he will encounter the mobility-related barriers which exist at the Property when he returns to the Property in the near future.

28.     Upon information and belief, DEFENDANT is in violation of 42 U.S.C. § 12181 *et seq*. and 28 C.F.R. § 36.302 *et seq*. and the Property is not accessible due to, but not limited to, the following barriers which presently exist at the Property:

      I.     UPON INFORMATION AND BELIEF, THE FOLLOWING BARRIERS ARE ALLEGED TO BE THE RESPONSIBILITY OF DEFENDANT:

          A.     Neither of the two accessible parking spaces are the Property are designated with the required vertical signage.

          B.     The second accessible designated parking space at the Property is not located on the closest accessible route to the building.

4

C.     The second accessible designated parking space at the Property is faded and difficult to observe.

D.     Neither of the two accessible designated parking spaces are level.

E.     At the entrance there is a set of double doors. The ADA Accessibility Guidelines require 18 inches of clear floor space to the right of the pull side of the door. The second door at this Property only has 12 inches of pull space, making it impossible for MR. JOHNSON to open the door in his mobility scooter.

F.     The sale and service counter is more than 36 inches off the finished floor and does not have a lowered portion.

G.     At the men's restroom, the lavatory has partially exposed pipes.

H.     At the men's restroom, there is no grab bar behind the water closet.

I.     At the men's restroom, the placement of the urinal intrudes into the required clear floor space of the water closet.

29.     MR. JOHNSON continues to desire to visit the Property, but will continue to experience serious difficulty until the barriers discussed in Paragraph 28 are removed.

30.     In investigating MR. JOHNSON's claims, undersigned counsel retained an ADA expert to inspect the Property. MR. JOHNSON's ADA expert independently verified that the barriers in Paragraph 28 presently exist at the Property.

31.     MR. JOHNSON intends to and will visit the Property to utilize the goods and services in the future, but fears that DEFENDANT will continue to discriminate against him by failing to modify the barriers at the Property.

32.     Upon information and belief, all barriers to access and ADA violations still exist and have

not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA, even though removal is readily achievable.

33. Upon information and belief, removal of the discriminatory barriers to access located on the Property is readily achievable, reasonably feasible, and easily accomplished, and would not place an undue burden on DEFENDANT.

34. Upon information and belief, removal of the barriers to access located on the Property would provide MR. JOHNSON with an equal opportunity to participate in, or benefit from, the goods, services, and accommodations which are offered to the general public at the Property.

35. Independent of his intent to return as a patron to the Property, MR. JOHNSON additionally intends to return as an ADA tester to determine whether the barriers to access stated herein have been remedied.

36. MR. JOHNSON has retained the undersigned counsel and is entitled to recover reasonable attorneys' fees, costs and litigation expenses from Defendant pursuant to the pursuant to 42 U.S.C. § 12205.

WHEREFORE, MR. JOHNSON demands judgment against DEFENDANT, and requests the following relief:

A. That this Court declare that the Property owned, leased, and/or operated by DEFENDANTS is in violation of the ADA;

B. That this Court enter an Order directing DEFENDANT to alter the Property to make it accessible to and useable by individuals with mobility disabilities to the full extent required by Title III of the ADA;

C.	That this Court award reasonable attorneys' fees, costs (including expert fees), and

other expenses of suit, to MR. JOHNSON; and

D.	That this Court award such other and further relief as it deems necessary, just and

proper.

Respectfully Submitted,


**Bizer & DeReus**
Attorneys for Plaintiff
Garret S. DeReus (MO # 68840)
gdereus@bizerlaw.com
Marc P. Florman (# 35128LA)
mflorman@bizerlaw.com
3319 St. Claude Ave.
New Orleans, LA 70117
T: 504-619-9999; F: 504-948-9996

By:/s/ Garret S. DeReus
       Garret S. DeReus